**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DENISE EDWARDS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1432** |
| **OCHSNER CLINIC FOUNDATION** | **SECTION: D (4)** |

**ORDER AND REASONS**

Before the Court is a Motion for Partial Dismissal of Plaintiff's Complaint, filed by Defendant Ochsner Clinic Foundation ("Defendant").[1] Plaintiff Denise Edwards ("Plaintiff") Opposes the Motion,[2] and the Defendant has filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and applicable law, the Court **GRANTS** Defendant's Partial Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) but allows the Plaintiff to amend as stated herein.[4]

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an employment discrimination case.[5] Plaintiff alleges that she became employed by Defendant around November 2021 and was transferred to Defendant's HRIS Data Management department around February 2024.[6] She claims that prior to her transfer, she was recognized by her supervisor and selected by the Defendant to serve in high-visibility roles.[7] She asserts that throughout her employment with Defendant she was well qualified, performed her duties well, and maintained

[1] R. Doc. 9.
[2] R. Doc. 10.
[3] R. Doc. 11.
[4] R. Doc. 9.
[5] R. Doc. 1 at ¶ 2. The Factual background is taken from Plaintiff's Complaint.
[6] *Id.* at ¶ 14.
[7] *Id.*

professional certifications.[8] Plaintiff claims that upon transfer to her new department she was given less training than her peers,[9] denied requests for additional training,[10] subject to scrutiny and monitoring not applied to her peers,[11] and blamed for mistakes that were committed by her colleagues.[12] Plaintiff also claims that other team members were permitted to select easier assignments while Plaintiff was left disproportionately with more difficult ones.[13] Plaintiff claims her complaints to management about her concerns of disparate treatment were not taken seriously.[14]

Plaintiff claims that throughout her employment she repeatedly reported to management her "good-faith belief that her Workday account was being accessed or used by another person without authorization."[15] Plaintiff claims that her reports were never investigated.[16] On or about February 11, 2025, Plaintiff was accused of accessing employment applications outside the scope of her role more than 30 times.[17] Plaintiff denied the accusation and again reported that her Workday account had been compromised.[18] Plaintiff claims she was immediately suspended[19] and then fired by phone call on February 20, 2025 without "progressive discipline, meaningful

---

[8] *Id.* at ¶ 15.
[9] *Id.* at ¶ 20.
[10] *Id.*
[11] *Id.* at ¶ 17.
[12] *Id.* at ¶ 22.
[13] *Id.* at ¶ 34.
[14] *Id.*
[15] *Id.* at ¶ 35.
[16] *Id.* at ¶ 36.
[17] *Id.* at ¶ 39.
[18] *Id.*
[19] *Id.*

notice of the specific allegations against her, or a fair and transparent investigation."[20] Plaintiff contends that she filed a verified Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on or about March 25, 2026 and received a right to sue letter on or about April 3, 2026.[21]

Plaintiff filed her Complaint on July 2, 2026 asserting claims of employment discrimination under Louisiana and federal law.[22] In Counts I through IV, Plaintiff alleges that the Defendant violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq.*, through retaliation, creation of a hostile work environment, disparate discharge, and retaliatory and wrongful treatment based on Plaintiff's race.[23] In Count V, Plaintiff alleges race discrimination and retaliation in violation of 42 U.S.C. § 1981.[24] In Count VI, Plaintiff alleges violations of Louisiana Employment Discrimination Law ("LEDL"), La. R.S. § 23:301, *et seq.,*[25] and in Count VII, Plaintiff alleges violation of Louisiana Whistleblower Act ("LWPA"), La. R.S. § 23:967.[26] Plaintiff seeks damages in the form of back pay; front pay; compensatory damages for emotional distress, mental anguish humiliation, inconvenience, and injury to professional reputation; punitive damages; and attorney fees and costs.[27]

In response to the Complaint, Defendant filed the instant Partial Motion to Dismiss for Failure to State a Claim.[28] Defendant asks the Court to dismiss

[20] *Id.* at ¶ 42.
[21] *Id.* at ¶¶ 8, 10.
[22] *Id.* at ¶ 1.
[23] *Id.* at ¶¶ 44-58.
[24] *Id.* at ¶¶ 59-63.
[25] *Id.* at ¶¶ 64-66.
[26] *Id.* at ¶¶ 66-70.
[27] *Id.* at p. 16.
[28] R. Doc. 9.

Plaintiff's claims under Title VII and LEDL, arguing that the claims are untimely.[29] Defendant further asks the Court to dismiss Plaintiff's claims under the LWPA, arguing that Plaintiff has failed to plausibly allege a claim for relief under LWPA.[30]

Plaintiff opposes the Motion.[31] Plaintiff concedes that "Defendant correctly identifies the governing standard" regarding time-barred actions but argues that a filing period is subject to equitable tolling and therefore, Plaintiff's Title VII and LEDL claims should not be dismissed as untimely.[32] As to her claim under LWPA, Plaintiff argues that she adequately states a claim for which relief is granted based on her allegations of "intentional unauthorized access to and use of a computer system and the data within it."[33] Finally, Plaintiff argues that in the alternative, should the Court grant Defendant's Motion, dismissal should be entered without prejudice and with leave for Plaintiff to amend.[34]

In Reply, Defendant contends that Plaintiff's Opposition only "opposes dismissal of Count VII" and "does not address the merits of Defendant's timeliness and notice arguments" and therefore has abandoned those claims.[35] Defendant challenges Plaintiff's seeming argument that "Untimeliness is . . . an affirmative defense, and Defendant bears the burden of establishing that no basis for excusing the delay exists."[36] On the contrary, Defendant maintains that Ochsner "does not

---

[29] R. Doc. 9-1 at pp. 5-6.
[30] *Id.* at p. 7.
[31] R. Doc. 10.
[32] *Id.* at p. 4.
[33] *Id.* at p. 2.
[34] *Id.* at p. 5.
[35] R. Doc. 11.
[36] *Id.* at pp. 1-2.

have to deny anything or establish any defense. Instead, it accepts the allegation of the Complaint as true and tests whether they are sufficient to state a claim for relief."[37] Having done that, Defendant maintains that "the content of Plaintiff's pleadings—which Plaintiff does not dispute—reveal that her claims under Title VII and the LEDL are untimely."[38] Defendant reiterates its argument that Plaintiff's claim under LWPA should be dismissed because Plaintiff failed to state a claim for which relief is granted under LWPA.[39] Finally, Defendant argues that Plaintiff should be denied leave to amend because the defects in Plaintiff's Complaint are incurable.[40]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[41] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[42] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[37] *Id.*
[38] *Id.*
[39] *Id.* at p. 2.
[40] *Id.* at p. 4.
[41] Fed. R. Civ. P. 12(b)(6).
[42] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

liable for the misconduct alleged."[43] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[44]

In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[45] The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[46] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[47] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[48]

## III. ANALYSIS

Defendant's Motion challenges several of the claims brought by Plaintiff and moves to dismiss them for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6).[49] The Court will discuss each of the challenged claims in turn.

### A. Plaintiff's Title VII claims are time barred.

Defendant contends that Plaintiff's Title VII claims are time barred because

---

[43] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).
[44] *Shandon Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).
[45] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[46] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[47] *Cutrer v. McMillan*, 308 Fed. App'x. 819, 820 (5th Cir. 2009) (internal quotations and citations omitted).
[48] *Maloney Gaming Mgmt., LLC v. St. Tammany Par.*, 456 Fed. App'x. 336, 340–41 (5th Cir. 2011).
[49] R. Doc. 9-1.

Plaintiff failed to file a charge with the EEOC within 300 days of the last alleged discriminatory act of the Defendant.[50] Plaintiff counters that Title VII's filing requirement is subject to equitable tolling, and, therefore, the claim should not be dismissed.[51]

Title VII requires a plaintiff to file an EEOC charge within 300 days of the last discriminatory or retaliatory act prior to filing a lawsuit under Title VII.[52] Claims "filed later than 300 days after the discriminatory act [are] time barred."[53] Here, accepting all of Plaintiff's allegations in the Complaint as true, Plaintiff claims "she was subjected to retaliation, a hostile work environment, disparate treatment, and wrongful termination in violation of Title VII."[54] The factual allegations forming the basis for Plaintiff's Title VII claims occurred during Plaintiff's employment, which Plaintiff alleges was terminated on February 20, 2025.[55] The Complaint does not allege that any Title VI violations occurred after her termination.[56] Plaintiff contends that she filed her Charge with the EEOC on March 25, 2026.[57] Since Plaintiff did not file her charge with the EEOC within 300 days of the last alleged discriminatory or retaliatory act,[58] the Court agrees with the Defendant that Plaintiff failed to meet

---

[50] *Id.* at pp. 5-6.
[51] R. Doc. 10 at p. 4.
[52] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-379 (5th Cir. 2002) ("Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue.").
[53] *Richoux v. Chevron Oronite Co., LLC*, No. 23-7203, 2024 WL 844547, at *3 (E.D. La. Feb. 28, 2024).
[54] R. Doc. 1 at ¶ 9.
[55] *Id.* at ¶ 42.
[56] *Id.* at ¶¶ 14-43.
[57] *Id.* at ¶¶ 8, 42.
[58] *Id.*

the filing requirements of Title VII.

Plaintiff argues that her Title VII claims should not be dismissed because the filing requirements of Title VII are subject to equitable tolling.[59] "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[60] Plaintiff's Complaint fails to raise any factual basis for equitable tolling.[61] Accepting all facts as true as alleged in the Complaint, as the Court is required to do, the action is time barred and Plaintiff failed to raise any facts whatsoever as a basis for equitable tolling. Thus, Plaintiff's claims under Title VII must be dismissed.

**B. Plaintiff's LEDL claims are time barred.**

Defendant argues that Plaintiff's LEDL claims are time barred because Plaintiff failed to provide written notice to the Defendant within the one-year prescriptive period.[62] Plaintiff argues that the LEDL prescriptive period is also subject to equitable tolling, and, therefore, the claim should survive.[63]

Under the LEDL, plaintiffs "shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action."[64] This notification requirement is "subject to a prescriptive period of one year

[59] R. Doc. 10 at p. 4.
[60] *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).
[61] R. Doc. 1 at ¶¶ 14-43.
[62] R. Doc. 9-1 at p. 6.
[63] R. Doc. 10 at p. 4.
[64] La. R.S. § 23:303(C).

from the date of the notice of termination."[65] Here, Plaintiff claims that she was terminated on February 20, 2025, and that she provided written notice to the Defendant of her intent to file suit on March 6, 2026.[66] Accepting all of Plaintiff's allegations as true and viewing them in a light most favorable to Plaintiff, Plaintiff failed to provide Defendant notice within the one-year prescriptive period. "A plaintiff's failure to provide timely notice of intent to sue warrants dismissal of an LEDL claim."[67]

Plaintiff contends that her LEDL claim should not be dismissed because the notice requirement of the LEDL is subject to equitable tolling.[68] However, Plaintiff fails to raise any factual basis for equitable tolling in her Complaint or even in her Opposition brief.[69] Accepting all facts in a light most favorable to the Plaintiff, it is evident from Plaintiff's pleading that the action is time barred and Plaintiff failed to raise any basis for equitable tolling. Thus, Plaintiff's claim under the LEDL must be dismissed.

### C. Plaintiff fails to plausibly allege a claim for relief under the LWPA.

Defendant next argues that Plaintiff has failed to plausibly allege a claim for relief under LWPA because Plaintiff has failed to establish that Defendant violated state law.[70] In her Opposition, Plaintiff argues that, at this stage of litigation,

---

[65] *Lafargue v. Comprehensive Health Mgmt.*, No 19-11111, 2020 WL 3832663, *4 (E.D. La. July 8, 2020) (citing *Eastin v. Energy Corp.*, 2003-1030, p. 4 (La. 2/6/04); 865 So. 2d 49, 53).
[66] R. Doc. 1 at ¶¶ 12, 42.
[67] *Webb v. Oceans Behav. Hosp. of Kentwood, LLC*, No. 25-2337, 2026 WL 194772, at *3 (E.D. La. July 6, 2026) (citation modified).
[68] R. Doc. 10 at p. 4.
[69] R. Docs. 1, 10.
[70] R. Doc. 9-1 at p. 7.

Plaintiff does not need to "cite the statute under which a defendant's conduct is unlawful," Plaintiff further points to La R.S. § 14:73.7(A)(1) which prohibits "knowingly and intentionally accessing a computer, or a program or data contained within a computer, without the authorization of the computer's owner," as the violated statute.[71]

Louisiana's Whistleblower statute, La. R.S. § 23:967, provides, in pertinent part, that:

> A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of the law:
>
> > (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
> >
> > (2) Provides information to or testifies before any public body conducting an investigation, hearing or inquiry into any violation of law.
> >
> > (3) Objects to or refuses to participate in an employment act or practice that is in violation of the law.[72]

Thus, for the Plaintiff to succeed in her whistleblower complaint, she must establish that, "(1) the employer committed an actual violation of state law; (2) the employee acted in good faith and advised the employer of the actual violation of law; (3) the employee, after advising her employer, then disclosed, threatened to disclose, objected, or refused to participate in the actual violation of state law, or participated in an outside investigation regarding the actual violation of law; and (4) the employee suffered a reprisal."[73] Here, the Complaint alleges that she "suspected unauthorized access to and/or misuse of her account and the sensitive HRIS data within

[71] R. Doc. 10 at pp. 2-4.
[72] La. R.S. § 23:967(A).
[73] *Hudson v. La. State Bd. of Elem. & Secondary Educ.*, 2024-0632 (La. App. 1 Cir 12/30/24).

Defendant's Workday system,"[74] reported that "someone was improperly accessing her Workday account,"[75] and was subject to "heightened scrutiny, an unwarranted PIP, suspension, and termination" because of her disclosure.[76]

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[77] Plaintiff has failed to plead sufficient factual allegations to support a plausible claim under Louisiana's Whistleblower statute. While Fed. R. Civ. P. 8(a)(2) does not require the Plaintiff to cite the statute under which a defendant's conduct is unlawful, an essential element of a claim under the LWPA is that the Defendant violated a state law.[78]

In her Opposition brief, Plaintiff cites La. R. S. 14:73.7(A)(1) and argues that Defendant's "intentional, unauthorized access and use of a computer system and the data within it," referring to the Defendant's Workday system, is in violation of that law.[79] Even if Plaintiff had identified La R.S. § 14:73.7(A)(1) as the violated state law in her Complaint, she still would have failed to state a claim for relief because Plaintiff failed to plead facts sufficient to plausibly allege that Defendant violated the identified law. La R.S. § 14:73.7(A)(1) makes it a crime to knowingly or intentionally access a computer or any program or data contained within a computer, "*without the*

[74] R. Doc. 1 at ¶ 69.
[75] *Id.* at ¶ 25.
[76] *Id.* at ¶ 70.
[77] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[78] La. R.S. § 23:967(A).
[79] R. Doc. 10 at p. 2.

*authorization of the computer's owner*."[80] Plaintiff has failed to allege that Defendant was not unauthorized to access her Workday account. The Complaint itself appears to indicate that Defendant had authority to access Plaintiff's workday account as evidenced by the Complaint claiming that Plaintiff was fired based on information the Defendant obtained from the account[81] and Plaintiff referring to the workday program as "Defendant's Workday system."[82]

In addition, for a Plaintiff to succeed in a claim under LWPA, it must be the employer who committed the state law violation.[83] Here, Plaintiff alleges that she brought it to the attention of Defendant her belief that someone was accessing her Workday account,[84] but there is no allegation that Plaintiff thought Defendant was the entity improperly accessing her workday account.[85] Finally another essential element of a claim under LWPA is that "the employee, after advising her employer, then disclosed, threatened to disclose, objected, or refused to participate in the actual violation of state law, or participated in an outside investigation regarding the actual violation of law."[86] Plaintiff's Complaint is silent as to facts that the Plaintiff "disclosed, threatened to disclose, objected, or refused to participate in the actual violation of state law, or participated in an outside investigation regarding the actual violation of law."[87] Because Plaintiff has failed to allege facts to support essential

[80] La. R.S. § 14:73.7 (emphasis added).
[81] R. Doc. 1 at ¶¶ 39-40.
[82] *Id.* at ¶ 69.
[83] *See* La. R.S. § 23:967(A).
[84] R. Doc. 1 at ¶ 36.
[85] *Id.* at ¶¶ 35-36.
[86] La. R.S. § 23:967(A).
[87] R. Doc. 1.

elements of the claim, Plaintiff's claim against the Defendant for violating Louisiana's Whistleblower statute, La. R.S. § 23:967 must be dismissed.

**D. Plaintiff is granted leave to amend her complaint.**

Plaintiff requests that, should the Court find that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6), the Court also grant leave to amend under Rule 15.[88] Plaintiff argues that the Federal Rules favor liberal leave to amend pleadings and typically "afford a plaintiff at least one opportunity to cure before dismissing a case."[89] Defendant, in turn, contends that leave to amend should be denied arguing that the defects in Plaintiff's complaint are incurable.[90]

Federal Rule of Civil Procedure 15(a)(2) governs the amendment of pleadings and provides that, "[t]he court should freely give leave when justice so requires."[91] While Rule 15 espouses a liberal policy regarding amendments, the Fifth Circuit has made clear that granting leave to amend "is by no means automatic[.]"[92] Instead, "the decision to grant or to deny a motion for leave to amend lies within the sound discretion of the trial court."[93] In exercising their discretion, courts consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility

[88] R. Doc. 10 at pp. 3, 5.
[89] *Id.* at p. 5.
[90] R. Doc. 11 at p. 4.
[91] Fed. R. Civ. P. 15(a)(2).
[92] *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981) (citation omitted).
[93] *Id.* (citation omitted).

of the amendment."[94] "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[95]

Here, there is no indication of undue delay, bad faith, or dilatory motive on the part of Plaintiff. Moreover, this would be Plaintiff's first amendment to her Complaint, and Plaintiff has not repeatedly failed to cure deficiencies.[96] In addition, since this case remains in its infancy, Defendant will not be prejudiced by amendment. With regards to Plaintiff's LWPA claim, the Court finds that the relevant factors weigh in favor of allowing amendment. The Court exercises its discretion and allows Plaintiff the opportunity to file an Amended Complaint as to her LWPA claim.

The Court, however, recognizes the futility of an amendment in this case as to the Title VII and LEDL claims. Plaintiff is silent as to what additional facts she could or would plead to assert a plausible claim under LWPA or for equitable tolling in her Title VI and LEDL claims.[97] In a Telephone Status Conference held on October 29, 2026, upon questioning by the Court specifically seeking what facts Plaintiff would allege to support equitable tolling, Plaintiff's counsel forthrightly advised that she was not in a position to provide facts at the time, but the matter was still being investigated.[98] To date, now over two months since the filing of Defendant's Motion to Dismiss and two weeks after a telephone status conference seeking additional

[94] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[95] *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).
[96] R. Doc. 10 at p. 5.
[97] *Id.* at pp. 1-5.
[98] R. Doc. 19.

information, Plaintiff has failed to move for leave to file an Amended Complaint or to state what facts would be added to support the equitable tolling of the Title VII or LEDL claims. The Court finds that leave to amend the claims under Title VII or LEDL would be futile.[99]

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)[100] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims under Title VII as alleged in Counts I-IV and Plaintiff's claims under LEDL as alleged in Count VI are dismissed **with PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall have **ten (10) days** from the date of this Order to file an Amended Complaint addressing the deficiencies raised in the Order as to Plaintiff's LWPA claim. Failure to file an Amended Complaint will result in the dismissal of Plaintiff's LWPA claim for the reasons stated herein.

New Orleans, Louisiana, November 18, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[99] *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (holding that a district court does not abuse its discretion when it denies leave to amend if it is futile).
[100] R. Doc. 9.